No. 6:7
BURKE v. BADER
No. 19178. Supreme Court
On motion to certify. Dock. May 29, 1925;
3 Abs. 359.

1235. VERDICT—Where expert testimony is given as to value of attorney's services, without rebuttal tending to show the services were worth less, and verdict is adverse to the expert testimony, is court of appeals warranted in reversing the judgment on the ground that there is no evidence to support verdict?

D. M. Bader is a practising attorney in Cleveland and commenced action in 1919 against one, Baisch, for breach of promise to marry his client, Sadie Burke. Bader asked and received $200 for his professional services and he recovered a judgment of $6000 for his client. Subsequently he instituted an action against Baisch to set aside a fraudulent conveyance, and in that he was successful. For this service he received $230.

The Court of Appeals affirmed this judgment and thereafter the judgment was paid. Bader without the consent of Burke, retained one-half thereof as his fee. Burke brought her action in the Cuyahoga Common Pleas seeking to recover back this amount retained by Bader and judgment was rendered in her favor for $3181.07 with interest which was remitted to $2700.

Bader claimed there was a contingent contract and assignment of a one-half interest in the judgment. He defended also on the ground of accord and satisfaction and contended that the reasonable value of his services was the amount deducted from the judgment collected. The Court of Appeals in error proceedings reversed the judgment of the lower court and it was said that "the verdict of the jury was not sustained by any evidence and there was a total lack of proof to show that the services were not worth what Bader charged for them." The reversal it seems was predicated on the fact that there was no rebuttory evidence to expert testimony fixing the value of Bader's services to his client.

The case is pending in the Supreme Court, taken up by Burke where she contends that the law is that:

"In an action for legal services the opinions of attorneys as to their value are not to preclude the jury from exercising their own knowledge and ideas on that subject."

In view of the difficulty of obtaining testimony from attorneys calculated to reduce amount claimed by a brother attorney a court will not be entirely governed, in an action recover counsel fees by the fact that certain attorneys testified that services were worth a very large sum and no testimony by attorneys was offered thereto. Prather v. Presbyterian Society, 13 ONP. (MS.) 169.

## STATE SUPREME COURT—Continued

It was said in the opinion of the Court of Appeals:

"We think the verdict is manifestly against the evidence, but inasmuch as only two judges sat, we decline to pass on the weight of the evidence, but reverse the case upon the ground that there was no evidence to sustain the verdict, that evidence as to the value of the services was all on the side of Bader."

It is also claimed that the burden of proving and establishing the reasonableness of the fee is upon Bader; and not upon Burke to establish the unreasonableness thereof.

Attorneys—White, Cannon & Spieth and H. M. Crow for Burke; J. H. Saltsman and D. M Bader for Bader; all of Cleveland.